UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID COSPER,<br><br>Plaintiff(s),<br><br>v.<br><br>TITANIUM METALS CORPORATION,<br><br>Defendant(s). | Case No. 2:16-CV-1548 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Titanium Metals Corp.'s motion for summary judgment. (ECF No. 30). Plaintiff David Cosper did not file a response and the time to do so has passed.

**I.  Facts**

This is a civil rights action under the Americans with Disabilities Act ("ADA"). On August 20, 2007, defendant hired plaintiff as a water conservation facility technician. (ECF Nos. 1, 30). Plaintiff's work responsibilities included discharging or recycling water and waste streams from defendant's production of various metals. (ECF No. 30). These duties required plaintiff to use heavy machinery and encounter hazardous waste. (*Id.*).

On October 19, 1998, defendant adopted a substance abuse policy to protect its employees. (*Id.*). The policy prohibits employees from being on the work premises while under the influence of alcohol or any controlled substance. (*Id.*). If employees are required to take medication that might impair their ability to perform a job, they must notify a supervisor. (*Id.*). For narcotic pain medication, defendant requires employees to refrain from taking medication within eight hours of coming to work. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

Though plaintiff never sought accommodations to perform any function of his job, he did disclose that he was prescribed Percocet or Oxycodone/APAP. (*Id.*). Plaintiff also mentioned to his co-workers, but did not disclose to defendant, that he was diagnosed with diabetes in 2012. (*Id.*). Plaintiff would self-administer medication while at work in order to maintain his blood sugar at an appropriate level. (*Id.*). Plaintiff testified that his diabetes did not significantly impair any of his life activities and did not affect his ability to perform his job. (*Id.*).

On January 18, 2014, plaintiff showed up to work visibly impaired. (*Id.*). He was scheduled to come to work at 5:30 a.m. for training on operating a new groundwater extraction system. (*Id.*). During the training, plaintiff was slurring his speech and had a strong alcohol odor. (*Id.*). When his supervisor asked plaintiff if he had been drinking, plaintiff claimed that he did not drink any alcohol but had taken pain medication before work. (*Id.*). At 9:20 a.m., plaintiff's supervisor took him to a nurse for first aid testing. (*Id.*). The test results showed that he had a blood alcohol level of .052 and that he had taken benzodiazepines and oxycodone. (*Id.*). Defendant dismissed plaintiff from work and, because of his impaired condition, his wife had to pick him up. (*Id.*).

On July 25, 2014, defendant scheduled a meeting with plaintiff to discuss the incident. (*Id.*). At the meeting plaintiff admitted to taking Percocet and drinking eight beers the night before. (*Id.*). Plaintiff claimed that his impaired condition was not a result of the pain medication or alcohol, but instead caused by his diabetes. (*Id.*). He claimed that he did not realize that his blood sugar had dropped until he got home and discovered that his blood sugar level was at "75" and dropping. (*Id.*). On July 29, 2014, defendant terminated plaintiff for coming to work in an impaired state. (*Id.*).

Plaintiff filed a formal charge with the EEOC and exhausted his administrative remedies. On June 29, 2016, plaintiff filed the instant lawsuit, alleging two causes of action: (1) disability discrimination, and (2) retaliation. (ECF No. 1). Now, defendant moves for summary judgment on both claims. (ECF No. 30).

. . .

. . .

James C. Mahan
U.S. District Judge

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

In evaluating both discrimination and retaliation claims under the ADA, courts apply the *McDonnell Douglas* three-part burden-shifting framework. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 (2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, a plaintiff must first establish a prima facie case of disability discrimination or retaliation. *See Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012); *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (per curiam). If a plaintiff establishes a prima facie case, the burden shifts to the employer to demonstrate a "legitimate, non-discriminatory reason" for the adverse employment action. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001). If an employer establishes a legitimate reason for the adverse action, the burden shifts back to the plaintiff to prove that the employer's asserted reason is merely

- 4 -

a pretext for discrimination. *See Hawn v. Executive Jet Mgmt.*, Inc., 615 F.3d 1151, 1155 (9th Cir. 2010).

   a. *Disability discrimination*

In apply the *McDonnel Douglas* burden-shifting framework, the court first considers whether plaintiff has shown a prima facie case for disability discrimination.

To establish a prima facie case for disability discrimination, a plaintiff must demonstrate that: "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)).

Plaintiff has failed to establish a prima facie case for disability discrimination. First, to qualify as being disabled within the meaning of the ADA, plaintiff must show that he has a mental or physical impairment that substantially limits one or more major life activities, has record of such impairment, or is regarded as having such impairment. 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Here, plaintiff has admitted in his own deposition that his diabetes does not substantially impair his ability to perform his job or any major life function. (ECF No. 30). Further, defendant did not regard plaintiff as being a diabetic because plaintiff never notified defendant that he has diabetes. *See* (*Id.*). Therefore, plaintiff is not disabled within the meaning of the ADA.

Second, plaintiff has not established that he suffered adverse employment action because of his diabetes. He claims that his impairment was at least partially due to his low blood sugar level, which was the ultimate reason for his termination. (ECF No. 30). However, plaintiff has regularly maintained his blood sugar level at work and was free to do so on January 18, 2014. (ECF No. 30). Further, plaintiff has not brought forth evidence that addresses the drug test results, which show that he came to work inebriated. In light of these facts, plaintiff has not established that defendant terminated him because of his diabetes.

James C. Mahan
U.S. District Judge

- 5 -

Accordingly, the court will grant summary judgment on plaintiff's disability discrimination claim.

   *b. Retaliation*

In apply the *McDonnel Douglas* burden-shifting framework, the court first considers whether plaintiff has shown a prima facie case for retaliation.

To establish a prima facie case for retaliation, a plaintiff must demonstrate that: "(1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007). To prove a "causal link," the plaintiff must show that "but for" the plaintiff engaging in a protected activity, the plaintiff would not have suffered an adverse action. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015).

Plaintiff's claim for retaliation fails because plaintiff never engaged in a protected activity. The only protect activity that plaintiff alleges to have engaged in was requesting and receiving accommodation for his disability. (ECF No. 1). Under the ADA, making a good faith request for a reasonable accommodation is a protected activity. *Coons v. Sec'y of the United States Dep't of the Treasury*, 383 F.3d 879, 887 (9th Cir. 2004). However, plaintiff admitted in his deposition testimony that he never requested any accommodation for his diabetes. (ECF No. 30). Further, plaintiff has not brought forth any evidence supporting his allegation that defendant provided accommodation.

Plaintiff has also failed to establish a causal link between his diabetes and his termination. As previously addressed, plaintiff has failed to show that his impairment on January 18, 2014, was a result of his diabetes. Plaintiff has also failed to refute the test results showing that he was inebriated and the multiple declarations from his co-workers, where they testify that he smelled like alcohol and had slurred speech. *See* (ECF No. 30). Plaintiff's impairment was not a result of his diabetes, but rather a natural consequence of consuming eight beers and pain medication.

Accordingly, the court will grant summary judgment on plaintiff's retaliation claim.

. . .

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 30) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall prepare and submit to the court a proposed judgment consistent with the foregoing within thirty (30) days of the date of this order.

DATED September 7, 2018.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE